Hall, J.
It is agreed by the counsel in this case, that the only question now to be decided, is, whether a writ of restitution ought to issue or not. It appears that the lease, under which Parham claims the land, has expired : he therefore cannot be put into possession by this writ, and no other person can have the benefit of it. For this reason, therefore, I think it ought not to issue.
Taylor, J.
Various objections have been made to the awarding of a writ of restitution in the present case ; they relate, either to the power and, jurisdiction of the Court, or to the legality and fitness of exercising such a power, under the several exceptionable aspects, in which this case has been presented.
The legitimate authority of the superior courts is to be sought for, in the Act by which they are *269 established ; in the declaration of rights and the Constitution ; in the theory and frame of our goverment; and in the result of a legal and regulated analogy, to the courts of a similar construction, in the country whence our municipal law is derived. By the Act of 1777, the superior courts are invested with cognizance of all pleas of the state, and criminal matters, of what nature, degree, or denomination soever ; whether brought before them by original or mesne process, or by certiorari, writ of error, appeal from any inferior court, or by any other ways or means whatsoever. The same powers and authorities which were exercised by any former Judges in this territory, are likewise accorded to them, with the exception of those cases wherein the Act has otherwise directed, and of those, where the form of goverment and Constitution have opposed barriers to the antient jurisdiction. The words of the Act are manifestly comprehensive enough, to include a power of administering complete relief, under the statutes of forcible entries, unless the kind of relief provided by them shall appear to be incompatible, with the provisions of our bill of rights. But, I cannot discern that the least invasion will be made of the constitutional rights of a citizen by awarding a writ of restitution. It is certainly true that no jury has passed upon the defendant’s property, and if issuing this writ amounted to a decision upon that, it might be fairly argued that he was condemned unheard. But the law has declared, that whosoever enters upon the possession of another, with circumstan *270 ces of violence and terror, shall upon conviction pay a fine to the state, and be deprived of the possession which he has thus wrongfully acquired. It is no protection to the wrong-doer, that he had a right to the freehold or possession, or that he had, been before unlawfully deprived of them ; for the person, who has used such violent methods of doing himself justice, is alike criminal with him who has not even the pretence of a right, to assert. It was to guard the public peace, and to prevent the strong from forcibly ejecting the weak, that the several statutes upon this subject have been passed ; and these objects are most effectually attained, when to a fine, is luperadded a writ of restitution ; thereby holding out to the offender, the absolute inutility of a possession, acquired by forbidden means. Still however, the right of possession or of property is not concluded ; for the defendant may have recourse to those methods of establishing them, which the law has provided. The jury having found that the possession was obtained by force, the legal consequence is, that the defendant is to be deprived of it for that reason, and the party complaining to be restored ; he being the person, through whom the Constitution has been violated ; for he has been deprived of his possession without a trial by jury and without the sanctions of the law of the land. If the superior courts may entertain jurisdiction of indictments upon these statutes, and this they have done, both before and since the revolution, then the Act of 1777 contains an express provision which warrants them “ to issue execution *271 " and all other necessary process thereupon.” The latter words evidently embrace a writ of restitution, without which the justice held out by the statutes cannot be completely dispensed.
The extent of jurisdiction in criminal cases, both original and appellate, given to the superior courts by the act of 1777 and others subsequently passed, produces to a certain degree an analogy between these courts and others, whose jurisdiction can only be taken away by express negative words. And under such restrictions and qualifications, as the Constitution and principles of our government, as well as the arrangement of our Judicature impose, the following description will apply to the superior courts. " That they may proceed as well on in- " dictments found before other courts and removed “ into them by certiorari, as on indictments origi- " nally commenced in them, whether the courts be- " fore whom such indictments were found, be de- " termined or suspended or still in esse, and whe- " ther the procedings be grounded on the common “ law or on some statute making a new law con- " cerning an old offence and appointing certain Ju- " stices to execute it, as the statutes of forcible “ entries &c.” 2 Haw. Pl. Cor. B. 2. cap. 3, sec. 3, 6. From these considerations ; I am inclined to believe, that the power of awarding a writ of restitution, is one of those, which the superior courts may rightfully exercise.
I will now give my opinion upon the specific *272 objections, which have been made to the exercise of the power in the present case.
I apprehend, that the first exception cannot be supported. “ The term messuage is sufficiently “ certain and intelligible : by the grant of a messu- " age, the orchard, garden and, curtilage will “ pass ; Co. Litt. 5, b, and so by the devise of a “ messuage,” though cum pertinentiis be not added ; Cro. Eliz, 89 b. In an indictment for forcible entry and detainer it is necessary to set forth the quality of the thing entered upon, as into a messuage, meadows, wood &c ; for entering into tenements generally is not good, because of the uncertainty : 2 Roll's Rep. 46. But some of the authorities shew that the kind of possession, of which the restitution is sought, should be stated with such certainty, as to evince that it is authorised by some one of the statutes. The present indictment will not warrant a restitution on the 8 Hen. 6, because it does not state that the place wherein the force was committed, was the freehold of the party grieved, at the time of such force ; Latch’s Rep. 109 : nor are there any words in this indictment, which necessarily imply that fact, as that the defendant disseised Isaac Hunter ; which would be impossible, unless the freehold were his at the time of the force committed ; 1 Hawk. 284. sec. 38. And if this point should be rendered doubtful by the contrariety of authorities, Yelvert 28 ; still, it is necessary, to sustain this application, that the defendant should have been charged with putting out and expelling Isham *273 Parham and disseising Isaac Hunter. Yelvert. 165. The disseisin is the main point in such an indictment, and must be set forth in substance ; 2 Roll's Abr. 80. But it is admitted by the counsel for the state, that this indictment is not grounded on 8 Hen. 6, but is maintainable on the 21 Jac : in support of which, it is argued, that the “ term,” technically, signifies a lease for years, and that under the latter statute, a tenant for years is entitled to restitution. Upon this point, the authorities are clear and explicit, that the indictment must state that the party was possessed of a term for years ; and that possession, simply, or the possession of a term, is not sufficient : since in the first case it may be understood that he was tenant at will, and in the latter that he was possessed for term of life : 1 Ventris, 306. I think it so plain that upon this objection a writ of restitution ought not to be awarded, that it is unnecessary to give an opinion upon the rest.
Motion denied.